UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:13 CR 00289 HEA (TIA) |
| DARRELL SCOTT, | ) ) ) ) |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Comes now Defendant DARRELL SCOTT (hereinafter referred to as "Scott"), by and through counsel, and for his Motion to Suppress Evidence and Statements in this case, specifically to suppress those statements made during a police interrogation in August, 2013, and any evidence derived as a result of those statements.  In support of said Motion, Defendant states as follows:

1. Scott is charged in an eight-count Indictment with two counts alleging armed carjacking, a violation of 18 U.S.C. § 2119; two counts alleging possession and brandishing of a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 922(c)(1); two counts alleging possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1); and two counts alleging distribution of heroin, a violation of 21 U.S.C. § 841(a)(1).

2. Scott was arrested on the original Indictment's heroin distribution charges on July 10, 2013, and he was charged under Case No. 4: 13 CR 289, the same case number under which the Superseding Indictment issued.  Scott's appointed counsel entered an appearance on his behalf on July 10, 2013.

1

3. The alleged carjackings occurred August 27, 2011, but Scott was not arrested for those offenses until two (2) years later, on August 22, 2013, after an anonymous person contacted St. Louis Metropolitan Police Department Officer Thomas Mayer to tell him he or she knew the name of the person who was with Carris King[1] the day of the carjackings two (2) years earlier.

4. The anonymous person appears to have directly contacted Officer Mayer, the same officer who investigated the carjackings in August, 2011. Officer Mayer provides no information as to why the anonymous caller waited nearly two (2) years to provide the information.

5. Officer Mayer states that he linked "Dooder," the name provided by the call to Scott. Officer Mayer then viewed a photograph of Scott and determined that Scott was the passenger who fled in the Chevy Lumina, point a gun at the officers, and dropped the gun after the Lumina crashed during a flight from police.

6. Officers arrested Scott, who was on bond and being supervised by Federal Pretrial Services Officer in this case, and brought him to the Central Station for interrogation. Scott's then acting counsel, Diane Dragan, was not notified of this arrest or questioning.

7. At the beginning of the interview, Officers allege they read Scott his *Miranda* rights, and he signed a written waiver and indicated that he understood his rights. The Officers allege that Scott then made incriminating statements.

8. Scott contends that nay statements he made thereafter and evidence derived from them were obtained in violation of his rights under the Fourth and Fifth Amendments to the United

---

[1] Carris King was designated as a co-defendant in the herein case, and specifically implicated to the carjackings, but his charges were subsequently dismissed by the Government (Document 137).

2

States Constitution for the following reasons:

      a.      Any statements made by Scott were elicited by coercion, and said statements are involuntary under the Fifth Amendment and are, therefore, inadmissible.

      b.      Any statements made by Scott were the result of an illegal arrest and are, therefore, inadmissible.

      c.      Any testimony or other evidence relating to or based upon said statements were obtained as a direct result of the violation of Scott's rights under the Fifth Amendment and are, therefore, inadmissible.

      d.      Any physical evidence seized from the person or possession of Scott, or otherwise seized, was seized as a result of searches and other illegal intrusions into Scott's person and property without a valid search warrant issued upon probable cause, nor pursuant to a lawful order or any other legal justification.

      e.      At the time of the August, 2013, police interview, Scott was represented by counsel appointed to represent him upon his July, 2013, Indictment for distribution of heroin.  Thus Scott seeks suppression of any statements that were taken in violation of his Sixth Amendment right to counsel.

      f.      Scott posits that after an evidentiary hearing to establish the circumstances of the instant case, he will provide supporting authority.

WHEREFORE, Defendant Scott respectfully requests that this Honorable Court grant his Motion to exclude any statements and evidence seized in violation of his Constitutional rights and for such other and further Orders as the Court deems proper in the premises.

*/s/ JoANN TROG*
JoANN TROG                                        42725MO
Attorney for Defendant
121 West Adams Avenue
St. Louis, Missouri 63122
Telephone:  (314) 821-1111
Fax:  (314) 821-9798
E-Mail:   Jtrogmwb@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 12, 2014, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Cristian M. Stevens and Sayler A. Fleming, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ *JoAnnTrog*

4