UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CR289 HEA |
| | ) | |
| DARRELL A. SCOTT, | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Terry I. Adelman addressing Defendant=s Motions to Suppress Identification Evidence, [Doc. No. 156]. An evidentiary hearing was held on September 16, 2014. In his December 12, 2014 Memorandum and Recommendation, Judge Adelman recommends that the motion be denied. Defendant has filed written objections to Judge Adelman's Memorandum and Recommendations.

When a party objects to the magistrate judge=s report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. ' 636(b)(1)). Pursuant to 28 U.S.C. ' 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum and Recommendations to which Defendant objects. The Court

has reviewed the entire record for this purpose.

Defendant objects to Judge Adelman=s findings of fact and conclusions of law as follow:

> Detective Mayer's initial viewing of the Scott's photographs in the REJIS system constituted a "show-up," a process wherein a single individual arguably fitting a witness' description is presented to Mr. and Mrs. Smith, the victims of the car-jacking for identification.
>
> The photograph array presented to the witnesses was impermissibly suggestive because Detective Mayer, who had identified Scott while investigating information received from a Confidential Informant and then presented a photographic line-up to Mr. and Mrs. Smith "likely" conveyed to them his own certainty that Scott was involved in the car-jacking.
>
> The photograph array was impermissibly suggestive because the "persons included in the line-up did not look alike in significant ways."
>
> Mr. and Mrs. Smith had a "limited opportunity" to view the perpetrators of the carjacking and admitted they were both very frightened and, further, both perpetrators had their shirts pulled over the lower portion of their faces.
>
> The photo array presented to Mr. and Mrs. Smith took place twenty-three months after the car-jacking.
>
> The photo array presented to Mr. and Mrs. Smith by Detective Mayer took place in their home and no record was made other than statements contained in a police report.

The first five objections were addressed in Judge Adelman's Memorandum. Judge Adelman correctly and thoroughly analyzed Defendant's arguments as they related to the facts surrounding the identification. Judge Adelman also addressed the argument that the photo array presented to the victims occurred twenty three months after the car-jacking. As Judge Adelman accurately discussed that where other indicia of reliability are present, courts have deemed identifications reliable even

where significant time has elapsed. The evidence established that the victims and Detective Mayer viewed Defendant during the daytime, and had an unobstructed view of Defendant at some point. Defendant was no more than a few feet away from the victims during the car-jacking. Defendant was viewed at close range when he held a gun to Mrs. Smith's head. Detective Mayer observed Defendant during the auto chase, as he climbed through the Lumina's passenger window, as he aimed a firearm at the officers, and as he escaped on foot.

Significantly, Mrs. Smith immediately identified Defendant in the photographic lineup, stating unequivocally that she would never forget "that face."

Judge Adelman also considered the other evidence of Defendant's guilt, such as Defendant's fingerprints and the victims' personal property being found in the Lumina, Defendant's admission that he was in the Lumina and present for the carjacking and that the Lumina matched the victims' description of the car driven by the individuals who stole their van.

Defendant also objects, arguing the photo array presented to Mr. and Mrs. Smith by Detective Mayer took place in their home and no record was made other than statements contained in a police report, without any discussion of any other statements or indication that other statements were made. This objection is based on speculation and fails to overcome the sound logic and discussion articulated in Judge Adelman's Memorandum. The objection is overruled.

Based upon the foregoing, the Court agrees with Judge Adelman's conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Suppress Identification Evidence, [Doc. No. 156], is denied.

Dated this 26th day of January, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE